IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Plaintiff,                          OPINION AND ORDER

        v.
                                                                  10-cv 147-wmc[1]

LAZZERICK M. ALEXANDER,

                              Defendant.

---

Defendant Lazzerick M. Alexander has filed a timely motion for post conviction relief under 28 U.S.C. § 2255.  He contends that his conviction is illegal on the following grounds: (1) his trial counsel had a conflict of interest in filing a motion to suppress after initially refusing to do so and seeking to withdraw from the representation; (2) his trial counsel was ineffective in numerous respects; (3) the district court erred in exercising its discretion by not allowing into evidence Officer Nale's police reports; (4) the district court misapplied federal law regarding unconsented warrantless entry; (5) the district court erred in not allowing counsel to withdraw from his case; and (6) his appellate counsel was ineffective.  Because Alexander wholly fails to establish ineffective assistance or prejudice, and indeed mainly seeks to relitigate issues rejected by the Seventh Circuit in his direct appeal, his motion will be denied.

FACTS

On May 9, 2007, Alexander was charged in a one-count-indictment with unlawfully possessing two firearms and ammunition as a convicted felon in violation of 18 U.S.C. §

---

[1]  Because Judge Shabaz has taken senior status, Judge Conley has been assigned this case pursuant to Administrative Order dated May 7, 2010.

922(g)(1). William Jones was appointed to represent Alexander. On July 13, 2007, Attorney Jones moved to withdraw as Alexander's counsel. His motion was denied by Magistrate Judge Stephen Crocker on July 25, 2007. On August 1, 2007, Jones filed a motion to suppress evidence found in a search of a Buick Riviera and in a search of Alexander's girlfriend's apartment. On August 9, 2007, Jones again moved to withdraw as counsel. That motion was denied by the Magistrate Judge on August 13, 2007.

After holding an evidentiary hearing, the Magistrate Judge recommended that Alexander's motion to suppress evidence be denied. Jones filed objections on Alexander's behalf to the report and recommendation. Alexander also filed objections *pro se* to the report and recommendation. On August 29, 2007, Alexander pled guilty to count one of the indictment pursuant to a plea agreement, reserving his right to appeal an adverse decision on his suppression motion.

On September 5, 2007, Judge John Shabaz adopted the magistrate judge's recommendation and denied Alexander's motion to suppress evidence. Alexander was sentenced on November 7, 2007 to 225 months in prison to be followed by a five-year term of supervised release. A judgment of conviction was entered on November 7, 2007. On the same day, Alexander, by his attorney Lauren Robel, filed a timely appeal of the district court's judgment, arguing that the court erred in denying his motion to suppress evidence.

On July 21, 2009, the Court of Appeals for the Seventh Circuit affirmed Alexander's judgment and conviction. *United States v. Alexander*, 573 F.3d 465 (7th Cir. 2009). The court of appeals agreed with the district court that the warrantless search of the car was reasonable under the Fourth Amendment and that the officers had probable cause to search the

apartment.  *Id.* at 474-75.[2]  Accordingly, that court affirmed.

Alexander's petition for certiorari to the United States Supreme Court was denied on February 22, 2010.

OPINION

Alexander raises the following claims in his § 2255 motion.  First, he claims his trial counsel had a conflict of interest and was ineffective (grounds 1 and 2).  Second, he claims the district court erred in denying his motion to suppress (grounds 3 and 4).  Third, he claims the district court should not have denied his lawyer's motion to withdraw (ground 5).  Finally, he claims that his appellate counsel was ineffective (ground 6).  For the reasons below, none of these claims are well founded.

## I.  Alleged Ineffective Assistance of Trial Counsel

The government argues that Alexander is procedurally barred from asserting his ineffective assistance claims because he did not raise them on direct appeal, as required by *Prewitt v. United States*, 83 F.3d 813 (7th Cir. 1996).  In *Prewitt*, the court held that a defendant could not assert constitutional issues in a § 2255 motion not raised on direct appeal, unless he demonstrated cause for procedural default, as well as actual prejudice from the failure to appeal.  *Id.* at 816.  Alexander represents that he did not raise these issues on appeal because his appellate counsel told him that he could not.  Based on this representation, the court will address his claims of ineffective assistance of trial counsel.[3]

---

[2]  Details of the facts surrounding these searches are amply set forth in the Court of Appeals opinion and will not be repeated here.

[3]  By addressing these claims, the court does not find, nor does it intend to imply, that Alexander's representation constitutes sufficient "cause" under *Prewitt*.  Rather, the court will treat it as such for purposes of deciding this motion.

Alexander claims that his trial counsel had a conflict of interest in filing the motion to suppress, having previously asked to withdraw as Alexander's counsel.  Alexander also asserts that Jones's lack of enthusiasm for the filing of the suppression motion adversely affected his performance.  These conclusory statement do not, however, delineate an actual conflict of interest, much less resulting prejudice.

A conflict of interest arises only when an attorney is in fact "torn between two different interests." *United States v Holman*, 314 F. 3d 837, 845 (7th Cir. 2002).  Counsel's personal feelings toward a representation or argument are not enough to constitute ineffective assistance, unless manifested as such by his actions or inactions.  Here, the record indicates that Jones ultimately pursued the motion to suppress with vigor, including filing objections to the Magistrate Judge's initial report and recommendation to deny the motion to suppress.  Moreover, both the district court and court of appeals rejected the motion on its merits.  Alexander proffers no new, winning argument or fact that should have been advanced by Attorney Jones in support of the motion to suppress and was not.  Accordingly, he has failed to establish either ineffective assistance or prejudice.

Fundamentally, Alexander's motion ignores the myriad, independent grounds on which his motion to suppress was denied by this court and by the Seventh Circuit.  Not only did both courts find actual, legally-authorized consent to search both the car (by a repo man, Brian Bowman) and the apartment (by his girlfriend and roommate, Vanience Harris), but that probable cause existed to obtain a search warrant and the police had acted in good faith reliance on Bowman's and Harris' apparent authority in proceeding with their searches, making suppression of evidence outside the bounds of realistic relief in any event.  *Alexander*, 573 F.3d at 474-75.  *See also, Nix v. Williams*, 467 U.S. 431, 444 (1984), *Herring v. United States*, __U.S., 129 S. Ct. 695, 702 (2009).  Petitioner's assertion that some omitted facts or

case law arguably undermines this court's and the court of appeals' rejection of his arguments as to Bowman's or Harris's consent is not only unpersuasive,[4] but in no way undermines either court's separate conclusions that probable cause existed for issuance of a warrant or that the police officers acted in good faith.[5]

Alexander also argues that Jones was ineffective in failing to: (1) present Officer Nale's police reports; (2) subpoena Jennifer Fjelstad as the title owner of the Buick Riviera; (3) adequately argue federal case law; (4) seek an interlocutory appeal; and (5) object to the district court's application of federal law.   None of these claimed failings fall below an objective standard of reasonableness or so prejudiced Alexander's defense that it deprived him of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).   Nor has petitioner shown that, but for deficient advice of counsel, he would not have pled guilty.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Alexander argues that Officer Nale's police reports and Jennifer Fjelstad's testimony would have shown that the search of the Buick Riviera was illegal because Alexander was the owner of the vehicle and did not consent to the search.  Unfortunately for Alexander, the court of appeals already held that *regardless* of the ownership of the vehicle, the search was lawful because the car had been repossessed, giving the person then in possession (Bowman) authority to consent to the search.  *United States v. Alexander*, 573 F. 3d at 473, n.1.  As a

---

[4]  The only "new"fact Alexander identifies is the assertion that he did not deny ownership of the Buick Regal until after it had been searched, a fact rejected by the Seventh Circuit as contradicted by other testimony and, in any event, as immaterial to a determination of Bowman's authority to consent following the car's repossession.  And the only "new" cases cited by Alexander are distinguished both factually and legally from those relied upon by the Seventh Circuit.  *See, e.g., Illinois v. Rodriquez*, 497 U.S. 177, 182 (1990)(a case in which a co-tenant did not have authority to consent); *Stoner v. California*, 376 U.S. 483, 490 (1964)(hotel clerk could not give consent to search a guest room); *United States v. Matlock*, 415 U.S. 164, 178(1973)(consent given by co-occupant); *Vale v. Louisiana*, 399 U.S. 30, 35 (no consent was given).

[5]  Indeed, this latter conclusion was reached in part based on deference shown the factual findings made by the Magistrate Judge following an evidentiary hearing.

result, Alexander can show no prejudice from Jones's alleged failure to present evidence concerning the ownership of the vehicle.

Alexander's argument that Jones failed to proffer the "right cases" concerning Bowman's authority to consent to the search suffers from the same defect. Not only does Alexander fail to point to any case law that would have resulted in a different outcome here, but his lawyers in this court and on appeal both argued that Bowman did not have the authority to consent, and the court of appeals decided the issue against him. Alexander's failure to prevail on this issue on appeal also makes it apparent that he was not prejudiced by his lawyer's failure to take an interlocutory appeal on the same issue.

Finally, the court is unable to discern any argument for prejudice in Jones' alleged failure to object to the district court's mis-application of federal law on the issue of Bowman's apparent authority to consent. On the contrary, any such failure in no way prevented the court of appeals from reviewing this law. Alexander's problem is the Seventh Circuit held that the district court correctly applied settled law and ruled against him on the merits.

## II. Alleged District Court Errors

Alexander claims that the district court erred in denying his motion to suppress are procedurally barred. Issues raised and decided on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion pursuant to the "law of the case". *See Daniels v. United States*, 26 F.3d 706, 711-12 (7th Cir. 1994). Because the court of appeals specifically found on direct appeal that the district court did not err in denying his motion to suppress, Alexander cannot again raise these claims in this motion.

Alexander now contends that the district court also erred in not granting Jones's motion to withdraw as counsel because he had a conflict of interest. He does not, however, say what

that conflict was beyond having a different personal view of the merits of, or best strategy with regard to, his case.  As explained above, this is not enough to proceed under § 2255.

## III.  Alleged Ineffective Assistance of Appellate Counsel

Alexander argues that his appellate counsel Lauren Robel was ineffective in failing (1) to object to the court of appeal's mis-characterization of the underlying facts of the case and (2) to argue clearly-established federal case law.  Appellate counsel's performance is measured against that of an objectively reasonable attorney.  *Lee v. Davis*, 328 F.3d. 896, 900 (7th Cir. 2003).  To prevail on this claim, Alexander must show that there is a reasonable probability that the issues his appellate attorney failed to raise would have altered the outcome of his appeal, had they been raised.  *Id.* at 901.  Alexander does not even attempt to make this showing, nor does this court discern any failing by his appellate counsel, much less that such a failing would have any probability of changing the outcome.  Accordingly, his 28 U.S.C. § 2255 motion on this ground will be denied.

## IV.  Certificate of Appealability

In light of the court's denial of defendant's § 2255 motion, it is necessary to address the issuance of a certificate of appealability under the newly-effective amendments to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts.  A certificate of appealability shall issue under Rule 11 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make this showing, a defendant must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*,

529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

Although Rule 11 allows the court to direct the parties to submit arguments on the possible issuance of a certificate of appealability, it is unnecessary to do so in this instance. For the reasons stated above, the court concludes that no reasonable jurist would believe that defendant's motion has even arguable merit. For this reason, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Defendant Lazzerick M. Alexander's motion under 28 U.S.C. § 2255 is DENIED.

2. Alexander is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2), because he has not made a substantial showing of the denial of a constitutional right.

Entered this 5th day of November, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge